UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMON MATHIS,

       Petitioner,

v.

UNITED STATES OF AMERICA,

       Defendant.

_____/

Case No. 13-20262

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE [29]**

Before the Court is petitioner Damon Mathis's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. (Dkt. no. 29, "Petitioner's Motion.") The Court has jurisdiction over this motion pursuant to 28 U.S.C. § 2255, based on Petitioner's negotiated Rule 11 plea agreement in this Court on December 2, 2013. (Dkt. no. 22.) The Court has reviewed these pleadings and DENIES Petitioner's request for a hearing. The Court DENIES Petitioner's motion WITH PREJUDICE.

**I.    Background Facts and Procedural History**

Petitioner agrees in his Reply that the "factual background in this matter has been accurately presented in previous pleadings by both the Petitioner and Respondent, and are not disputed." (Pet'r's Reply 1.) The Government sets forth the facts as follows:

On March 15, 2013, Detroit Police drove past Mathis and a woman, both sitting in a parked car in front of a residential home in Detroit. Recognizing defendant as a neighborhood drug dealer, and noticing the car parked illegally, officers turned around and pulled up behind the car. From their

vantage point, they could see Mathis, who was sitting in the front passenger seat, reach down toward the left side of the vehicle as if he were trying to hide something. When the officer approached the car, Mathis jumped out and walked to the front of the car. The officer could smell marijuana. He also observed that Mathis had a plastic baggie hanging out of his pocket. Turns out, Mathis had marijuana, heroin, and crack cocaine on his person. The drugs were packaged in sale-size increments. He also had $309.00 in cash on him. In the location where Mathis had been reaching, officers found a Smith & Wesson .357 caliber handgun.

(United States' Resp. 1-2.)

A grand jury indicted Petitioner on three counts: being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). (Dkt. no. 9, Indictment.) After being indicted, Petitioner was initially out on bond, yet after failing multiple drug tests the Court revoked his bond and he was detained. (Dkt. no. 33, United States' Resp. 2.)

On December 2, 2013, Petitioner pleaded guilty to two of the three indicted counts, pursuant to a Rule 11 plea agreement. (Doc. no. 22, Plea Hearing Tr.) On March 20, 2014, this Court sentenced him to 81 months in prison pursuant to the Sentencing Reform Act of 1984. (Doc. no. 28.) On April 1, 2015, Petitioner filed his motion to vacate sentence under 28 U.S.C. § 2255. (Pet'r's Mot.) The Rule 11 agreement contained an appeal waiver and Petitioner indicates that he did not appeal his sentence. In his motion he argues that he was subject to ineffective assistance of counsel. (Dkt. nos. 29, 34, 35.) The Government submitted a response on June 5, 2015, addressing Petitioner's claim.[1] (United States'

---

[1]Petitioner argues that the Government's Response was untimely because the Court ordered the Government to respond by June 1, 2015, and the Response was filed on June 5, 2015. (Pet'r's Reply 5.) The docket supports Petitioner's allegations. (Dkt. no. 32.) Despite the untimely response, Petitioner has had the opportunity to reply to the

Resp.)

Petitioner bases his ineffective assistance of counsel argument on his counsel's failure to file a motion to suppress the firearm that related to the 18 U.S.C. § 924(c) conviction. Petitioner argues that the firearm should have been suppressed for the following reasons: 1) Laboratory results "conclusively demonstrated that the Petitioner's fingerprints were not on the firearm"; 2) the "results of the investigation conclusively determined that no firearm was found on the Petitioner at any of the operative times in question"; and (3) the firearm in question was found in a vehicle that "was not titled to or owned by the Petitioner," and when the arrest occurred, "evidence demonstrates definitively that the owner of the vehicle was operating the vehicle, not the Petitioner." (Pet'r's Mot. 3.)

Petitioner argues the following:

Petitioner knowingly, and voluntarily, admits his guilt for possession with intent to distribute controlled substances (18 U.S.C. § 841(a)). His attorney failed to vigorously insist that the charge of possession of a firearm in furtherance of a drug trafficking crime, (18 U.S.C. § 942(c)) be dropped, and that his client plead guilty instead to the indicted charge of being a felon in possession of a firearm, (18 U.S.C. 922(g)(1)). The felon in possession charge was dropped by the Government in exchange for a guilty plea for possession of a firearm in furtherance of a drug trafficking crime. This exposed Petitioner to significantly more prison time.

(Pet'r's Reply 2.)

Petitioner requests that the Court vacate, set aside or correct his sentence and dismiss the 18 U.S.C. § 924(c) conviction, or, alternatively, hold an evidentiary hearing in regard to the suppression of the firearm. (Pet'r's Mot. 3-4.)

## II.   Standard of Review

---

Government's response and is not prejudiced by the untimely response.

Petitioner's sole argument is the alleged ineffective assistance of his counsel. The Sixth Amendment right to counsel extends to criminal defendants during the plea bargaining process. *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012) (internal citation omitted). The Court applies the familiar *Strickland* analysis for ineffective assistance of counsel to Petitioner's claim. *Strickland* requires a petitioner to show: (1) counsel's performance was deficient by falling "below an objective standard of reasonableness" and (2) counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688, 693-94 (1984).

There is a strong presumption in favor of counsel's effectiveness. *See Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) (holding that counsel's performance be examined from counsel's perspective at the time of the alleged deficiency and in light of all the circumstances, a highly deferential standard) (internal citation omitted). The Supreme Court has advised that "[j]udicial scrutiny of counsel's performance must be highly deferential" and that "[t]he availability of intrusive post-trial inquiry into attorney performance or of detailed guidelines for its evaluation would encourage the proliferation of ineffectiveness challenges"; it could threaten the adversarial process that the Sixth Amendment right to counsel was designed to serve. *Strickland*, 466 U.S. at 689-90.

## III.   Analysis

28 U.S.C. § 2255 allows a prisoner in custody under sentence of a federal court to "move the court which imposed the sentence to vacate, set aside or correct the sentence" when "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to

4

collateral attack." 28 U.S.C. § 2255(a). Petitioner's claim rests on the alleged ineffectiveness of defense counsel at the time Petitioner pleaded guilty.

"In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688. The Supreme Court has held that "there is no  reason for a court deciding an ineffective assistance claim . . . to address both components of the [*Strickland*] inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697. The Court may dismiss an ineffectiveness claim on failure to show prejudice alone, if that course is clearest. *Id.*

### A.    Petitioner Fails To Show That Counsel Was Constitutionally Deficient

First, Petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. In his Reply, Petitioner alleges

> It is true there was a firearm in the car in which the Petitioner was seated, but, the woman who was buying the drugs from Petitioner brought the firearm with the intention of having Petitioner accept it as part of the payment for the drugs she was willingly buying . . . . It flys (sic) in the face of common sense to assume that the Petitioner would be selling drugs, at gunpoint, to a willing buyer.

(Pet'r's Reply 3, emphasis in original.) Petitioner argues that he, his attorney and the Government were "all aware of a recorded statement by the woman buyer, who had bought drugs from Petitioner on multiple prior occasions. Although not in the record, the woman stated she had never seen Petitioner with a firearm. So why would the Petitioner feel the need to have a firearm to 'facilitate' the sale of drugs to a known and willing buyer, who approached him?" (Pet'r's Reply 3.) With his Reply, Petitioner submits his own affidavit

setting forth his declarations in support of these allegations, including that the woman co-occupant of the car was the owner and operator of the car and that it was she who brought the gun for the purpose of selling it to Petitioner in exchange for drugs. (Pet'r's Reply App. A.)

The Government responds that "failing to make a motion . . . that had no chance of success fails both prongs" of the *Strickland* test. *See United States v. Carter*, 355 F.3d 920, 924 (6th Cir. 2004). The Government argues that such motions are usually based on constitutional violation and in this instance, the only conceivable motion would concern the initial interactions of the police, which are not challenged herein, where the officers had reasonable suspicion to approach the car because it had been parked illegally. *See e.g., United States v. Graham*, 483 F.3d 431, 437 (6th Cir. 2007).

As an initial matter, Petitioner does not argue a constitutional violation or probable cause violation with respect to the search. Further, Petitioner fails to establish a basis for suppressing the firearm. "Failure to file a motion to suppress may be ineffective assistance. However, a failure to file a suppression motion is not ineffective assistance *per se*." *U.S. v. Thomas*, 38 Fed. Appx. 198, 201 (6th Cir. 2002) (citations omitted) (ultimately finding that "[s]ince the arrest and discovery of the gun were not products of an illegal arrest, filing a motion to suppress the gun would have been futile"). "[I]f such a motion would fail, counsel may not be criticized for having accurately assessed his client's chances of successfully challenging the warrant .... Thus, whether trial counsel ... acted incompetently in not filing a timely motion to suppress depends upon the merits of the search and seizure question." *Id.* (quoting *Worthington v. United States*, 726 F.2d 1089, 1093-94 (6th Cir. 1984) (Contie, concurring)).

6

Petitioner does not argue that the officers had no basis to approach and search the car. Petitioner admits to the drug-related charge, admits the gun was in the car and alleges that the co-occupant of the car meant to trade it for drugs. Petitioner does not deny knowledge that the handgun was in the car and the parties agree that the handgun was found in the car and not on Petitioner's person.[2] (Gov't Resp. 2.) Further, the Government describes that Petitioner was seen reaching down toward the left side of the vehicle as the officers pulled up behind the vehicle, and when the officer approached the car, Petitioner jumped from the car and went to the front of the vehicle. The record contains evidence that could support a finding of constructive possession of the firearm.

"Possession can either be 'actual' or 'constructive.' A weapon is 'actually' possessed if it 'is within the immediate power or control of the individual.' A weapon is 'constructively' possessed if the government can show the defendant 'knowingly has the power and the intention at a given time to exercise dominion and control over an object, either directly or through others.' Possession of either variety may be proven by direct or circumstantial evidence." *United States v. Walker*, 734 F.3d 451, 455 (6th Cir. 2013) (quotations and internal citations omitted); *see also United States v. Hadley*, 431 F.3d 484 (6th Cir. 2005); *United States v. Kelsor*, 665 F.3d 684 (6th Cir. 2011) (defining constructive possession and finding "ample evidence from which a rational trier of fact could conclude that defendant

---

[2] Petitioner in his Reply states that "[i]t is true there was a firearm in the car in which the Petitioner was seated, . . . ." (Pet'r's Reply 3.) Petitioner's argument that his attorney should have insisted that he plead guilty to the indicted charge of felon in possession of a firearm under 18 U.S.C. § 922(g)(1) instead of the indicted charge of possession of a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c) also belies his argument that the firearm should have been suppressed altogether.

possessed the firearms in furtherance of the drug offenses"). Petitioner fails to show that counsel's performance was deficient in failing to move to suppress the firearm under these circumstances.

### B. Petitioner Fails To Demonstrate Prejudice Stemming From Counsel's Performance

Petitioner does not establish prejudice. The Supreme Court elaborated on *Strickland* for cases where a criminal defendant pleads guilty, holding that to show prejudice the defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also Short v. U.S.*, 471 F.3d 686, 692 (6th Cir. 2006). A lower court "did not err in declining to hold a hearing on petitioner's ineffective assistance of counsel claim" where the petitioner "failed to allege the kind of 'prejudice' necessary to satisfy the second half of" the *Strickland* test. *Hill*, 474 U.S. at 60. As set forth in *Hill v. Lockhart*, the Court respects the "fundamental interest in the finality of guilty pleas" and takes into account that "the concern that unfair procedures may have resulted in the conviction of an innocent defendant is only rarely raised by a petition to set aside a guilty plea." *Hill*, 474 U.S. at 58 (citing *United States v. Timmreck*, 441 U.S. 780, 784 (1979)). "The determination of whether the error 'prejudiced' the defendant . . . will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial." *Hodges v. Colson*, 727 F.3d 517, 538 (6th Cir. 2013) (citing *Hill*, 474 U.S. at 59).

In *Short v. United States*, the petitioner's original indictment was amended at a change-of-plea hearing and without further grand jury action. The amendment changed Count One, to which the petitioner ultimately plead guilty, from conspiring to possess five

8

hundred grams or more of cocaine to conspiring to possess five thousand grams or more of cocaine. *Short*, 471 F.3d at 689. The petitioner filed a 28 U.S.C. § 2255 motion arguing in part that "his counsel rendered ineffective assistance with regard to both the amendment of his indictment and his plea agreement." *Short*, 471 F.3d at 691. Short did "not argue that there is a reasonable probability that he would have rejected the government's plea offer and gone to trial. He instead contend[ed] that, but for his counsel's ineffective assistance, he would have rejected the plea offer and obtained more favorable terms by pleading guilty to all of the charges in the original indictment." *Id.* at 696. The Sixth Circuit noted that petitioner's claim of prejudice rested "upon an assertion that he wound up with a less favorable plea or sentence than he otherwise would have accepted with the advice of competent counsel." *Short*, 471 F.3d at 696-97. The Sixth Circuit relied on *Hill* to conclude that "[s]uch a claim is insufficient to establish actual prejudice."

Petitioner argues that his attorney's lack of diligence "most definitely caused prejudice" and "affected the outcome" because Petitioner was sentenced to "additional years in prison, over what would have been the sentence had Petitioner's attorney negotiated a plea bargain in which Petitioner pleaded guilty to the lesser charge of felon in (constructive) possession." (Pet'r's Reply 4.) Like *Short*, Petitioner does not allege that he wants to go to trial, or that he would have gone to trial on the indicted charges. He simply wants a new deal and there is no basis to conclude that the Government would have agreed to the scenario Petitioner promotes, that he could have plead to the "lesser charge of felon in (constructive) possession." (Pet'r's Reply 6, Prayer For Relief.) As the Sixth Circuit noted in *Short*, "[u]nder the *Hill* standard, ineffective assistance claims do not turn on such speculative considerations." *Short*, 471 F.3d at 696. Petitioner fails to show that

9

he has suffered prejudice as a result of counsel's performance.

Finally, the Court denies Petitioner's request for an evidentiary hearing. "A § 2255 Defendant seeking an evidentiary hearing must be able to give a firm idea of the evidence he intends to bring and how it will support his claim." *U.S. v. Samonek*, 2014 WL 2931829, at *7 (E.D. Mich. 2014) (citing *United States v. Cervini*, 379 F.3d 987, 994 (10th Cir. 2004)). Petitioner has suggested no evidence aside from his own affidavit to support his motion. Further, this Court is familiar with the previous proceedings, has reviewed the pleadings and supporting documentation and finds that an evidentiary hearing on this matter is not necessary.

## IV.    Conclusion

For the reasons set forth herein, the Court DENIES WITH PREJUDICE Petitioner's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 and DENIES Petitioner's request for an evidentiary hearing.

**SO ORDERED.**

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  September 15, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 15, 2015, by electronic and/or ordinary mail.

s/Carol J. Bethel
Case Manager