UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMON MATHIS,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Defendant.

                                           /

Case No. 13-20262

Honorable Nancy G. Edmunds

**ORDER DENYING IN PART MOTION FOR REDUCTION/MODIFICATION OF SUPERVISED RELEASE TERMS AND TO CREDIT PRETRIAL TIME [46] AND TRANSFERRING REMAINDER OF MOTION FOR REDUCTION/MODIFICATION OF SENTENCE TO THE SIXTH CIRCUIT COURT OF APPEALS**

    Before the Court is petitioner Damon Mathis's motion for reduction filed on June 10, 2016. (Docket 46, 49.) Petitioner already filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. (Dkt. no. 29.) The Court denied Petitioner's motion to vacate in an opinion and order dated September 15, 2015. (Dkt. 38.) The Court granted a certificate of appealability as to the issue of whether Petitioner received ineffective assistance of counsel; the Sixth Circuit affirmed this Court's holding in an unpublished decision. (Dkt. 43; *Mathis v. United States of America*, No. 15-2256 (6th Cir. Apr. 7, 2016)). On September 24, 2015, the Court entered an order regarding motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), reducing Petitioner's sentence from 81 months to 75 months based on a guideline sentencing range that was lowered and made retroactive by the United States Sentencing Commission. (Dkt. 39.)

    The Court has reviewed these pleadings and DENIES Petitioner's request for a

hearing. The Court DENIES Petitioner's motion for reduction/modification of supervised release terms WITH PREJUDICE and TRANSFERS Petitioner's request for reduction/modification of sentence to the United States Court of Appeals for the Sixth Circuit.

**I.    Background Facts and Procedural History**

In his prior pleadings, Petitioner agreed that the factual background in this matter had been accurately presented in his own and the government's pleadings and was "not disputed." (Pet'r's Reply 1, dkt. 34) The Court in its prior opinion and order (dkt. 38) incorporated the Government's set of facts as follows:

> On March 15, 2013, Detroit Police drove past Mathis and a woman, both sitting in a parked car in front of a residential home in Detroit. Recognizing defendant as a neighborhood drug dealer, and noticing the car parked illegally, officers turned around and pulled up behind the car. From their vantage point, they could see Mathis, who was sitting in the front passenger seat, reach down toward the left side of the vehicle as if he were trying to hide something. When the officer approached the car, Mathis jumped out and walked to the front of the car. The officer could smell marijuana. He also observed that Mathis had a plastic baggie hanging out of his pocket. Turns out, Mathis had marijuana, heroin, and crack cocaine on his person. The drugs were packaged in sale-size increments. He also had $309.00 in cash on him. In the location where Mathis had been reaching, officers found a Smith & Wesson .357 caliber handgun.

(United States' Resp. To Pet'r's' Mot. To Vacate Sentence 1-2, dkt. 33.)

A grand jury indicted Petitioner on three counts: being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). (Indictment, dkt. 9.) After being indicted, Petitioner was initially out on bond, yet after failing multiple drug tests the Court revoked his bond and he was detained. (United States' Resp. 2, dkt. 33.)

On December 2, 2013, Petitioner pleaded guilty to two of the three indicted counts, pursuant to a Rule 11 plea agreement. (Plea Hearing Tr., dkt. 22.) On March 20, 2014, this Court sentenced him to 81 months in prison pursuant to the Sentencing Reform Act of 1984. (Doc. no. 28.) As set forth above, his sentence was later reduced to 75 months.

## II.     Analysis

### A.     Modification of Supervised Release

As an initial matter, the Court notes that Petitioner's very general motion is in a form that provides no specific reference to his own case and he identifies little to no evidence or specific circumstances to support the arguments for any of the issues raised therein. First, Petitioner asks the Court to modify his supervised release terms. Petitioner specifically asks that his supervised release term be "reheard, reviewed anew, and reduced to 1 year to be discharged as nunc pro tunc not imposed at all ab initio upon successful completion of that 1 year supervised release and/or upon completion of supervised release." (Pet'r's Mot. 2, dkt. 46.) The Court has the authority to modify conditions or revoke supervised release in certain circumstances, yet the request is premature: Petitioner's release date is not until 2019. *See U.S. v. Evers*, 669 F.3d 645, 649, 662 (6th Cir. 2012) (the court finding the defendant/appellant's appeal of special conditions of supervised release "premature" in light of the remainder of his sentence left to serve, "the leeway afforded the probation department in tailoring many of these special conditions, and the resultant contingencies that may or may not come to fruition"); *see also* 18 U.S.C. § 3583(e)(1) (the court may "terminate a term of supervised release and discharge the defendant released at any time *after the expiration of one year of supervised release*, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the

modification of probation, . . . .").

To the extent Petitioner argues that the terms and length of supervised release are "boilerplate" language not tailored to him, the conditions of his release are reasonably related to the rehabilitation of Petitioner and the protection of the public. For example, one of the special conditions of Petitioner's supervision is participation in a substance abuse program which may include testing to determine whether he has reverted to the use of drugs and alcohol. ( Am. J., dkt. 28). This is reasonably related to his conviction for a drug-related crime and a history of drug use. *See U.S. v. Kingsley*, 241 F.3d 828, 836 (6th Cir. 2001) (even if the court does not expressly explain its reasoning for a particular condition of supervised release, it would be "deemed *harmless error* if the supporting reasons are evident on the overall record, and the subject special condition is related to the dual major purposes of probation, namely rehabilitation of the offender and enhancement of public safety.").

The Court denies Petitioner's motion as to the supervised release issues.

**B.     Credit For Pretrial Custody**

Petitioner next argues that he should have received a sentence that reflects his time spent in "any custody whatever" and asks that the Court apply to his sentence any pretrial detention that was not yet credited, including any time spent under house arrest, on bond, or ankle monitor. (Pet'r's Mot. 2, dkt. 46.) 18 U.S.C. § 3585(b) provides that

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was

4

arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585(b). "[T]he power to grant credit for time served lies solely with the Attorney General and the Bureau of Prisons." *U.S. v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001).

The Court will deny Petitioner's motion for credit for pretrial detention or custody.

**C.    Reduction Resulting from Guidelines Ambiguity, Relevant Conduct Applied to Increase Punishment and any 18 U.S.C. § 924(c), (e) or 2-Point Gun Enhancement**

Finally, Petitioner requests that the court review his case for any sentencing ambiguity-causing factors, such as any "18 USC 924(c) or (e), or 2-point gun enhancement" that was added. The government argues that Petitioner's challenges to the guidelines and his sentence in particular are not properly before the Court because he waived his right to appeal his sentence, and the time to file a notice of appeal has passed. (Respondent's Resp. 5, dkt. 48.) The Court agrees in part.

On December 2, 2013, Petitioner pleaded guilty to two of three indicted counts, pursuant to a Rule 11 plea agreement. (Plea Hearing Tr., dkt. 22.) The Rule 11 agreement contained an appeal waiver and Petitioner did not appeal his sentence, as he indicated in his prior motion to vacate sentence under 28 U.S.C. § 2255. (Pet'r's Mot. To Vacate, dkt. 29). "A defendant may waive any right, including a constitutional right, in a plea agreement so long as the waiver is knowing and voluntary." *U.S. v. Coker*, 514 F.3d 562, 573 (6th Cir. 2008); *see also U.S. v. McGilvery*, 403 F.3d 361 (6th Cir. 2005).

Yet Petitioner in his motion also refers to the Supreme Court's recent holding in

*Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court invalidated the violent crime residual clause of 18 U.S.C. § 924(e) as unconstitutionally vague. Petitioner's pleading could be read to include an argument that any enhancements applied to his sentence were in error in light of the Supreme Court's ruling that invalidated the residual clause as "unconstitutionally vague." *Id.* at 2557. Although the Sixth Circuit has extended *Johnson* to the identical residual clause in the Sentencing Guidelines, *see United States v. Pawlak*, 822 F.3d 902 (6th Cir. 2016), it recently acknowledged that it is not clear whether to treat its decision in *Pawlak* as applying retroactively on collateral review. *In re: Embry*, 831 F.3d 377 (6th Cir. 2016)*.*

"A challenge to the validity of a federal conviction or sentence is generally brought as a habeas corpus petition pursuant to 2255, . . . ." *Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016); *see also In re Sargent*, 837 F.3d 675, 676 (6th Cir. 2016) ("petitioners . . . who were sentenced pre-*Johnson* can apply *Johnson's* holding to attack the constitutionality of their [Armed Career Criminal Act]-enhanced sentences in a habeas petition"). To the extent Petitioner couches some portion of his motion as a 28 U.S.C. § 2255 motion, he has already filed a motion under 28 U.S.C. § 2255 arguing ineffective counsel, which was denied and affirmed by the Sixth Circuit. He cannot file a secondary motion for relief without the permission of the Court of Appeals. *See* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain– (1) newly discovered evidence . . . ; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."). Therefore, Petitioner requires authorization from the Court of Appeals to file this 2255 petition. *See generally*, *United States v. Marshall*, No. 09-cr-

20536-06, 2015 WL 7756107 (E.D. Mich. Dec. 1, 2015); *Hoskins v. Terris*, No. 15-cv-13530, 2016 WL 1465020 (E.D. Mich. Apr. 14, 2016). The Court will transfer this 2255 motion to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

Even if the Court were to consider the merits of Petitioner's claims, they would not result in relief to Petitioner. *Johnson* is not applicable. Defendant's sentence was not enhanced under the residual clause of § 924(e). There was no application of the definition of "crime of violence" to his offenses. As set forth in the Rule 11 agreement, his non-binding guideline range was enhanced under U.S.S.G. § 4A1.1(a), (b) and (c), he was not sentenced under the residual clause of U.S.S.G. § 4B1.1. (Dkt. 22.)

### III. Conclusion

For the reasons set forth herein, **it is ordered** that Petitioner's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 (dkt. 46) is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

**It is further ordered** that the portion of Petitioner's motion seeking to reduce or modify supervised release terms and credit pretrial time (dkt. 46) is **DENIED**.

**SO ORDERED.**

                                             s/Nancy G. Edmunds
                                             Nancy G. Edmunds
                                             United States District Judge

Dated: November 22, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 22, 2016, by electronic and/or ordinary mail.

                                              s/Carol J. Bethel
                                              Case Manager